UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 18, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | |
| | : | GRAND JURY ORIGINAL |
| | : | |
| v. | : | 18 U.S.C. § 1960(a) |
| | : | (Operating an Unlicensed Money |
| | : | Transmitting Business) |
| | : | |
| 吴会会 a/k/a Wu Huihui, | : | Forfeiture: 18 U.S.C. § 982(a)(1); |
| | : | 21 U.S.C. § 853(p) |
| Defendant. | : | |

## INDICTMENT

The Grand Jury Charges:

At times material to this Indictment:

### INTRODUCTION

1. The conduct alleged in this Indictment began outside of the jurisdiction of any particular State or district, and later occurred within the District of Columbia and elsewhere, and was therefore within the venue of the United States District Court for the District of Columbia, as provided by Title 18, United States Code, Sections 3237(a) and 3238.

2. Defendant 吴会会 a/k/a Wu Huihui (hereinafter, "WU") was a Chinese national living in China.

3. Between at least May 9, 2016, through at least September 16, 2017, WU operated a money transmitting business as an over-the-counter ("OTC") trader and made a profit by converting virtual currency and fiat currency for U.S.-based customers.

4. To conduct these currency transactions, WU used accounts at virtual currency exchanges and payment service providers, including U.S.-based Exchange 1, U.S.-based Payment Service Provider 1, and U.S.-based Payment Service Provider 2.

5. Records from U.S.-based Exchange 1 revealed that from between on or about May 9, 2016, and at least September 16, 2017, WU used U.S.-based Exchange 1's platform to complete more than 1,500 trades, totaling over $800,000.

6. WU maintained an electronic ledger containing a list of username and password combinations for accounts at U.S.-based Payment Service Provider 1 and U.S.-based Payment Service Provider 2. The ledger noted whenever those accounts were frozen or restricted by U.S.-based Payment Service Provider 1 and U.S.-based Payment Service Provider 2.

7. Records from U.S.-based Payment Service Provider 1 and U.S.-based Payment Service Provider 2 indicated that from on or about May 9, 2016, through at least September 16, 2017, the U.S.-based Payment Service Provider 1 and U.S.-based Payment Service Provider 2 accounts listed in WU's ledger were used to receive U.S. dollar payments from U.S.-based persons in exchange for bitcoin, a type of virtual currency.

8. Records from U.S.-based Exchange 1, U.S.-based Payment Service Provider 1, and U.S.-based Payment Service Provider 2 revealed that from between on or about May 9, 2016, through at least September 16, 2017, approximately 95% of WU's transactions on those platforms involved individuals sending funds from the United States.

9. Federal law required money transmitting businesses to be registered with the Financial Crimes Enforcement Network ("FinCEN"), which is located in the District of Columbia. The failure to register with FinCEN was a federal felony offense.

10. WU and his business were not registered with FinCEN.

## COUNT ONE
### (Operating an Unlicensed Money Transmitting Business)

11. The allegations set forth in paragraphs 1 through 10 of this Indictment are re-alleged and incorporated by reference herein.

12. From on or about May 9, 2016, to at least September 16, 2017, within the District of Columbia and elsewhere, WU knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b)(1), affecting interstate or foreign commerce, which failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder,

in violation of Title 18, United States Code, Section 1960(a).

**(Operating an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(a))**

### FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, involved in the offense, and any property traceable thereto, pursuant to Title 18, United States Code, Section 982(a)(1). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in Count One, and any property traceable thereto.

2. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1); and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON.

_____
ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

4